(90 Misc. Rep. 702)

### MAXWELL v. FAUST CO., Inc.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

1. COPYRIGHTS ☞48 — LICENSEE — LIABILITY FOR AGREED COMPENSATION — PERFORMANCES FOR PROFIT.

 Where a restaurant keeper, as licensee of the right to perform certain copyrighted musical compositions, agreed to pay a certain sum monthly, and the license entitled him to give performances for profit, the fact that he gave no performances for profit did not relieve him from liability for the agreed compensation.

 [Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 46; Dec. Dig. ☞48.]

2. CUSTOMS AND USAGES ☞17—CONTRACTS—CONSTRUCTION.

 Where such contract was not ambiguous, it could not be construed in the light of the custom of restaurants to give gratuitous musical performances, and thereby rendered invalid under Copyright Act March 4, 1909, c. 320, § 1, subd. E, and section 25, 35 Stat. 1075, 1081 (U. S. Comp.

St. 1913, §§ 9517, 9546), as licensing the right to use the licensor's compositions in performances not "for profit."

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 34; Dec. Dig. ☞17.]

3. CONTRACTS ☞153—CONSTRUCTION—VALIDITY.

A contract will, if possible, be construed so as to render it effective, rather than ineffective.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 734; Dec. Dig. ☞153.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by George Maxwell, as president of the American Society of Composers, Authors and Publishers, against the Faust Company, Incorporated. From judgment for defendant, plaintiff appeals. Reversed and judgment directed for plaintiff.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Nathan Burkan, of New York City, for appellant.

Benjamin Shapiro, of New York City (Harry Schulman, of New York City, of counsel), for respondent.

BIJUR, J. This appeal raises only a question of law. Defendant operates a restaurant. Plaintiff controls the rights of performance of certain musical compositions. The plaintiff, by a written contract, granted defendant the license to perform any work in the repertory of the plaintiff for one year, October 1, 1914 to 1915, on the premises No. 1823 Broadway. The licensee accepted the license and agreed to pay the plaintiff the sum of $10 monthly. This action is brought to recover certain of the monthly installments.

[1] The learned judge below found for defendant on the authority of John Church Co. v. Hilliard Hotel Co., 221 Fed. 229, 136 C. C. A. 639. In that case the owner of the copyright applied for an injunction against the performance by an orchestra in a hotel of a certain musical composition. It was held that, as the hotel proprietor charged no admission fee for the performance, the latter was not a performance "for profit" as prescribed in Copyright Act 1909, § 1, subd. E, and section 25; but that decision is quite irrelevant to plaintiff's cause of action here. He is suing for the agreed compensation, payable monthly, for rights granted by him to defendant, and these rights, under the contract, include performances for profit as well as gratuitous performances. The mere fact that defendant has not chosen heretofore to give performances for profit does not relieve it from the obligation of its agreement.

[2, 3] Defendant urges that the contract should be construed in the light of what both parties must have known as to the custom of restaurants and hotels of giving gratuitous musical performances. But there is no ambiguity in the contract, and no reason for its construction to mean other than what it says. But, if there were, it seems to me that defendant, in urging that the contract is void for want of consideration because it grants to defendant only that which it already can enjoy under the law (namely, the right to perform these

compositions *not for profit*), has itself suggested the need of construing the contract differently from what it claims. It is a familiar canon of construction to construe a contract, if it may consistently be done, to be effective, rather than ineffective. Therefore, if any construction were necessary, it would be to read it into the contract that defendant was licensed to give these performances for profit, as well as gratuitously, since, if the latter alone were meant, the agreement would be void for want of consideration.

Judgment reversed, with costs, and judgment for plaintiff directed, with appropriate costs in the court below. All concur.